Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 9/16/2021
By /s/ Tanesha Gaines
Deputy Clerk

James E. Hoffmann, Esq., SB#91876
Robert S. Levin, Esq., SB#105970
**LEVIN & HOFFMANN, LLP**
23622 Calabasas Road, Suite 253
Calabasas, California 91302
Tel: (818) 990-2370/Fax: (818) 876-8526

Attorneys for defendant,
ECOWATER SYSTEMS LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| CALIFORNIA AUTOMOBILE INSURANCE COMPANY AS SUBROGEE OF MACDONALD MORRIS, <br><br>　　　　Plaintiff, <br><br>vs. <br><br>ECOWATER SYSTEMS LLC, and DOES 1 to 25, Inclusive <br><br>　　　　Defendants. | Case No.: 21-CIV-04172 <br>Assigned to the Hon. Nancy L. Fineman <br>Dept. 4 <br><br>**DEFENDANT ECOWATER SYSTEMS LLC'S ANSWER TO COMPLAINT** |

　　　　COMES NOW Defendant ECOWATER SYSTEMS LLC and answers Plaintiff's complaint as follows:

　　　　Under the provisions of section 431.30(d) of the California Code of Civil Procedure, this answering Defendant denies each, every and all the allegations of said Complaint, and the whole thereof, and denies Plaintiff has sustained damages in any sum or sums alleged, or in any other sum, or at all.

　　　　Further answering Plaintiff's complaint on file herein, the whole thereof, this answering Defendant denies that the Plaintiff has sustained any injury, damage, or loss, if any, by reason of any act or omission of this answering Defendant or this answering Defendant's agents or employees.

///

---

1

**DEFENDANT ECOWATER SYSTEMS LLC'S ANSWER TO COMPLAINT**

## FIRST AFFIRMATIVE DEFENSE

### (Comparative Negligence)

1. At all times mentioned in the Complaint, the conduct and actions of Plaintiff and/or Plaintiff's insured was so careless, reckless and negligent as to cause and contribute in some degree to the alleged incident and to the damages and injuries, if any, alleged to have been sustained by Plaintiff and therefore said negligence completely bars any recovery, or in the alternative, it reduces the right of recovery by that amount said negligence contributed to this incident pursuant to the doctrine of comparative negligence.

## SECOND AFFIRMATIVE DEFENSE

### (Negligence of Third Parties)

2. The Plaintiff is barred from any recovery herein as to this answering Defendant, in that any damages and injuries proven to have been sustained by the Plaintiff herein would be the direct and proximate result of the independent negligence and unlawful conduct of independent third parties, or their agents, or employees and not any act or omission on the part of this answering Defendant, or its agents or employees.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

3. The Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

4. If Plaintiff and/or Plaintiff's insured sustained any injuries or damages as a result of the incident complained of herein, then Plaintiff proximately caused, aggravated, and failed to take proper action to reduce and/or mitigate said injuries or damages.

///

///

///

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5. Each of the purported causes of action stated in the complaint are barred by the provisions of the applicable statutes of limitations, including section 340 of the California Code of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

### (Set-Off of Co-Defendant's Settlement)

6. For valuable consideration, the Plaintiff entered into a settlement with an alleged "tortfeasor." In the event a judgment is awarded against this answering Defendant in favor of said Plaintiff, this answering Defendant is entitled to a set-off or a reduction in any such judgment for the full amount of said consideration.

## SEVENTH AFFIRMATIVE DEFENSE

### (Proposition 51-Civil Code § 1431.2)

7. If liability as assessed against any party, named or unnamed, each party shall be liable for the amount of non-economic damages allocated to that Defendant in direct proportion to that Defendant's percentage of fault.

## EIGHTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

8. At all times mentioned in the complaint, the Plaintiff and/or Plaintiff's insured, knowing the probable consequences thereof, placed itself in a position of danger and freely and voluntarily participated in all the activities alleged herein, and thereby assumed all risk attendant thereto.

## NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

9. If Plaintiff suffered or sustained any damage as alleged in its Complaint, that damage was proximately caused and contributed to by persons other than this answering Defendant. The liability of all Defendants and responsible parties, named or unnamed, should be apportioned to their relative degree of fault and the liability of this answering Defendant should

be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE
#### (Intervening and Superceding Cause)

10. At all times material herein, if Plaintiff suffered or sustained any injury or damage as alleged, the injury or damage was proximately caused or contributed to by the negligence of other Defendants, persons, entities, named or unnamed, and said negligence was an intervening and superceding cause of injury and damage of which Plaintiff complains.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Laches)

11. Plaintiff's claims are barred by the equitable doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE
#### (C.C.P. § 128.5)

12. Based upon information and belief this answering Defendant alleges that Plaintiff has no reasonable basis for filing a complaint against Defendant EcoWater Systems, LLC; Plaintiff's complaint is frivolous and in bad faith; and Defendant EcoWater Systems, LLC is entitled to recover reasonable attorney's fees and costs.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Misuse of Product)

13. This answering Defendant alleges that the accident alleged was caused or contributed to by misuse and/or manner of use of the product by Plaintiff and/or Plaintiff's insured.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (No Causation)

14. There exists no causal relationship between any injury or damage sustained by the Plaintiff and any allegedly wrongful act by this answering Defendant.

///

///

## FIFTEENTH AFFIRMATIVE DEFENSE

### (State of the Art)

15. If the Plaintiff and/or Plaintiff's insured sustained any injury or damage by any product complained of, this answering Defendant did not breach any duty to Plaintiff because the products, when manufactured and distributed, conformed to the state of the art, and because the then-current medical, scientific, and industrial knowledge, art, and practice was such that this answering Defendant did not know and could not have known that the product might pose a risk of harm, if any, in normal and foreseeable use.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Risks Outweighed By Benefits)

16. If the trier of fact determines that a risk is inherent in the chosen design or formulation of the product complained of, the risk is outweighed by the benefits of the product.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Subsequent Alteration)

17. If the Plaintiff and/or Plaintiff's insured was injured or damaged by any product manufactured or distributed by this answering Defendant, such product, which was not defective when it left the custody and control of this answering Defendant, was so modified and altered without this answering Defendant's knowledge or consent, that the doctrine of subsequent alteration bars the Plaintiff from any recovery against this answering Defendant.

**WHEREFORE**, this Defendant prays that Plaintiff take nothing by way of its Complaint and that Defendant be awarded attorney's fees and costs of suit incurred herein, and such other relief as the court may deem just and proper.

DATED: September 16, 2021

LEVIN & HOFFMANN, LLP

By: *[signature]*
JAMES E. HOFFMANN
ROBERT S. LEVIN
Attorneys for Defendant
ECOWATER SYSTEMS LLC

# PROOF OF SERVICE

I, the undersigned, declare that: I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the instant case. My business address is 23622 Calabasas Road, Suite 253, Calabasas, California 91302.

On September 16, 2021, I served the foregoing document described **DEFENDANT ECOWATER SYSTEMS LLC'S ANSWER TO COMPLAINT** and on the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

__ **(BY U.S. MAIL IN THE ORDINARY COURSE OF BUSINESS)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-reference correspondence was placed for deposit at Calabasas, California and placed for collection and mailing following ordinary business practices.

__ **(BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-reference document was placed for deposit at Calabasas, California and placed for collection and delivery following ordinary business practices (as noted).

__ **(BY PERSONAL SERVICE** By personally delivering copies to the person served. (STATE/FEDERAL)
__ I caused such envelope to be delivered by hand to the offices of the addressee pursuant to CCP § 1011. (STATE/FEDERAL)

X **(EMAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission and as necessitated during the Coronavirus (COVID-19) pandemic, I caused the documents to be sent to the person(s) at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 16, 2021, at Calabasas, California.

_____
Karina Mejia

---
6
**DEFENDANT ECOWATER SYSTEMS LLC'S ANSWER TO COMPLAINT**

**SERVICE LIST**
*California Automobile Insurance Company as Subrogee of MacDonald Morris*
*v.*
*Ecowater System LLC, et al.*
San Mateo County Superior Court Case No. 21-CIV-04172

| | |
|---|---|
| Kellie L. Terhufen, Esq.<br>LAW OFFICES OF<br>ROBERT A. STUTMAN, P.C.<br>1260 Cornoa Pointe Court, Suite 306.<br>Corona, CA 92879<br>Tel: (951) 387-4700 / Fax: (951) 963-1298<br>E-mail: TerhufenK@StutmanLaw.com | Attorneys for Plaintiff,<br>STATE FARM GENERAL INSURANCE COMPANY |

7

**DEFENDANT ECOWATER SYSTEMS LLC'S ANSWER TO COMPLAINT**